UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Steven Martinez-Garcia,

        Defendant.

Case No. 3:21-cr-634

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Defendant Steven Martinez-Garcia,[1] who currently is incarcerated at Federal Medical Center Fort Worth, located in Fort Worth, Texas, seeks an order granting him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 125).  The government filed a brief in response. (Doc. No. 130) (filed under seal).  Martinez-Garcia did not file a brief in reply.

On September 1, 2021, Martinez-Garcia was charged by indictment with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. No. 10).  Martinez-Garcia subsequently also was charged through a superseding

---

[1] While the Defendant is listed as "Steven Garcia-Martinez" on the docket in this case, he refers to himself as "Steven Martinez-Garcia," and I adopt the usage of that name for the purposes of this Opinion.  (*See, e.g.,* Doc. No. 125).

indictment with three counts of use of a communications facility in furtherance of a drug trafficking offense in violation of 21 U.S.C. §§ 843(b) and 846. (Doc. No. 39).

Martinez-Garcia later pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. (*See* Doc. No. 76). I sentenced him to an aggregate term of 168 months in prison. (Doc. No. 113). Martinez-Garcia did not appeal.

Martinez-Garcia now moves for compassionate release, asserting he suffers from serious physical and medical conditions that substantially limit his ability to care for himself while in prison, "coupled with [deterioration] due to age of 86 years old." (Doc. No. 125 at 1). He further claims he requires "long term specialized medical care NOT adequately being provided by the prison." (*Id.*). According to Martinez-Garcia, he needs surgery on his spine, shoulder, neck, and knees, as well as cortisone shots and an appointment with a neurologist but the Bureau of Prisons has not provided that medical care. (*Id.* at 5). He appears to argue that his numerous medical issues[2] – while not individually life-threatening but when considered together along with his age – make it more likely than not that he will not survive until his 2033 sentence completion date. (*Id.* at 3-4).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[2] Martinez-Garcia identifies his health issues as type 2 diabetes, essential primary hypertension, cerebrovascular disease, and gastro-esophageal reflux disease with esophagitis. (Doc. No. 125 at 5-6). He also claims to be wheelchair bound for more than 50% of his waking hours. (*Id.* at 6).

2

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Martinez-Garcia has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. (*See* Doc. No. 125-1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Martinez-Garcia claims his medical conditions substantially diminish his ability to care for himself while incarcerated and further "asserts that his underlying medical conditions that require specialized medical treatment that is NOT being adequately provided by FMC Ft. Worth." (Doc. No. 125 at 3, 6). Under § 1B1.13 of the United States Sentencing Guidelines, a court may find there are extraordinary and compelling reasons to support a sentence reduction if the defendant has a "serious physical or medical condition," or is "experiencing deteriorating physical or mental health because of the age process[] that substantially diminishes the ability of defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i), (iii). Similarly, a court may find extraordinary and compelling reasons

3

if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

But, as the government points out, Martinez-Garcia's medical records do not support Martinez-Garcia's assertion that he is not receiving adequate care. (*See, e.g.,* Doc. No. 130-5 at 31 and 40-45; Doc. No. 130-6 at 1-4, 105, and 138). Further, he has not identified any evidence that his medical conditions have substantially diminished his ability to care for himself while incarcerated. Therefore, he fails to show he is entitled to relief on this basis.

Nor does Martinez-Garcia's age, standing alone or in combination with his medical conditions, warrant relief. Section 1B1.13 states a court may conclude extraordinary and compelling reasons exist to justify a sentence reduction if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13(b)(2). Martinez-Garcia has not served at least 75 percent or 10 years of his 168-month sentence and, therefore, this provision does not entitle him to relief.

Moreover, Martinez-Garcia has not explained how his non-life-threatening medical conditions, when considered along with his age, qualify as extraordinary and compelling reasons for a sentence reduction. In conceding his health issues are not "considered life threatening," Martinez-Garcia implicitly concedes his argument rests solely on his age. (Doc. No. 125 at 3). And I already have concluded Martinez-Garcia's age does not qualify him for relief.

Further, even if Martinez-Garcia had offered extraordinary and compelling reasons to support his request for a sentence reduction, the § 3553(a) factors would not support a reduced sentence. Martinez-Garcia received attribution for at least 10,000, but less than 30,000 kilograms of converted drug weight in connection with his conspiracy conviction. (*See* Doc. No. 92 at 15) (filed

4

under seal). Moreover, just two days after he was overheard on an intercepted phone call threatening to kill one of his eventual co-defendants, investigators executing a search warrant at Martinez-Garcia's residence found a loaded handgun under his pillow. (*Id.* at 13-14).

I conclude that the relevant § 3553(a) factors do not support reducing Martinez-Garcia's sentence, particularly the nature and circumstances of his offenses of conviction and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Martinez-Garcia. I further conclude that Martinez-Garcia's age does not mitigate the importance of these factors, as he was in his early 80s at the time of the offenses, and his role as the head of the drug trafficking organization was derived more from his ability to direct and control others' conduct than from his physical abilities.

### III.   CONCLUSION

For these reasons, I deny Martinez-Garcia's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 125).


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge